IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE VALENCIA LOPEZ,

                             Petitioner,                             ORDER

    v.

                                                                        13-cv-169-wmc

ROBERT WERLINGER, Warden,
Federal Correctional Institution – Oxford,

                             Respondent.

---

       Petitioner Jorge Valencia Lopez is currently imprisoned in the Federal Correctional Institution at Oxford, Wisconsin (FCI–Oxford). Lopez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the result of a prison disciplinary proceeding. He has paid the filing fee and the petition is now before the court for preliminary review under Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts, which is applicable to § 2241 cases through Rule 1(b).

       The petition reflects that Lopez was charged with violating prison rules while he was incarcerated at the Federal Correctional Institution in Mendota, California (FCI-Mendota). He does not specify which rule he was charged with violating and he provides no facts about the underlying incident. Lopez simply reports that he was found guilty following a hearing on March 3, 2012. Lieutenant A. Ponce, who served as the disciplinary hearing officer, imposed the following sanctions: loss of commissary and visitation privileges for 30 days; loss of 27 days' credit for good conduct (*i.e.*, good-time credit); and 60 days of disciplinary segregation. Lopez evidently attempted to pursue an administrative appeal from the conviction, but his appeal was rejected as untimely filed.

On March 1, 2013, Lopez executed the pending petition for relief from the disciplinary sanction under 28 U.S.C. § 2241.[1]  Liberally construed, Lopez argues that the disciplinary conviction violated his right to due process for the following reasons: (1) he suffered the loss of institutional telephone privileges, which was not included among the sanctions imposed by Lieutenant Ponce; and (2) the finding of guilt was based on "unreliable evidence" that should not have been considered, namely, a photo of the alleged incident.  Lopez appears to claim further that he is entitled to relief because was denied an extension of time to pursue an administrative appeal.

This preliminary review suggests that Lopez has failed to exhaust available administrative remedies in compliance with Bureau of Prisons procedures before pursuing habeas corpus relief in federal court.  As a result, it appears that review is barred by the doctrine of procedural default for reasons outlined briefly below.

I. Exhaustion of Administrative Remedies

Federal prisoners seeking a writ of habeas corpus under 28 U.S.C. § 2241 are required to exhaust administrative remedies, *i.e.*, the remedies available within the prison system, before seeking review in federal court. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987) (citing *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986)).  Federal courts may only review

---

[1] Although the incident giving rise to the petition did not occur in this district, venue is proper here because the petitioner now is incarcerated at FCI-Oxford, which makes Warden Robert Werlinger petitioner's custodian.  *See Moore v. Olson*, 368 F.3d 757, 758-60 (7th Cir. 2004) (venue for a petition under 28 U.S.C. § 2241 is the district where petitioner is incarcerated); *al- Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) (official having custody is the proper respondent in a habeas case under § 2241).

a habeas corpus petition under § 2241 after the petitioner has exhausted all administrative remedies. *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992); *United States v. Brumbaugh*, 909 F.2d 289, 290 (7th Cir. 1990) (citing *Ramsey v. Brennan*, 878 F.2d 995, 996 (7th Cir. 1989)).

Exhaustion of administrative remedies "'means using all the steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper exhaustion requires a prisoner "to file complaints and appeals in the place, and at a time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). If a prisoner fails to comply with the agency's grievance procedures, then prison administrators may refuse to consider his appeal. *Pozo*, 286 F.3d at 1025; *see also Woodford*, 548 U.S. at 89–90.

The Bureau of Prisons has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §§ 542.10-542.19. Ordinarily, this process requires a federal prisoner to file his initial grievance on a BP-9 form within 20 days of the from the date on which the basis for the grievance occurs. 28 C.F.R. § 542.14. If dissatisfied with the disposition of his initial grievance, the inmate may appeal to the regional director using a BP-10 form. 28 C.F.R. § 542.15. Where disciplinary sanctions are at issue, a prisoner files his initial appeal with "the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d).

If he is dissatisfied with the result at the regional level, the prisoner must appeal further to the General Counsel by submitting a BP-11 form within 30 calendar days of the Regional Director's decision. 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final level of administrative appeal. *Id*.

Lopez admits that he did not file a timely administrative appeal from his disciplinary conviction. He provides no other information about his attempt to complete the administrative remedy process that is available in the Bureau of Prisons. A prisoner's failure to file a timely grievance in accordance with prison procedures constitutes a failure to exhaust properly. *See Woodford*, 458 U.S. at 87-90. Likewise, a prisoner's failure to appeal the denial of a grievance or to pursue his claim through each level of available administrative review constitutes a failure to exhaust. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). When a prisoner fails to comply with agency rules or exhaust remedies and it is too late for him to do so, federal review is barred by the doctrine of procedural default. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

## II.  Doctrine of Procedural Default

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Cause to overcome a procedural default requires a showing "that some objective factor" that prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show

prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted). A fundamental miscarriage of justice is established only where the petitioner presents evidence showing that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the charged offense. *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citation and quotation omitted).

Here, Lopez explains that he was "unable" to submit a timely administrative appeal, although he requested an extension of time to do so, because he was "in transit for an extended period of time [and] separated from the documents needed to appeal." Unfortunately, Lopez provides no details in support of this claim. In that regard, Lopez does not specify when he requested an extension or when his time to appeal expired. Lopez does not provide the date that he was transferred from FCI-Mendota, where he was housed while in transit, or the date that he arrived at FCI-Oxford. He does not provide information about the documents that he lacked or explain why he needed those documents in order to pursue his appeal. Likewise, to the extent that he filed an appeal at all, he provides no details about when his appeal was filed or what result he received.

Even assuming that his unsupported allegation was sufficient to show cause for his default, Lopez does not provide sufficient detail about his claims to demonstrate potential prejudice. Lopez alleges that he lost telephone privileges, but he does not indicate when those privileges were revoked or how long they were curtailed. Lopez alleges that the disciplinary hearing officer considered unreliable evidence in the form of a photograph, but he provides no

information about the charges against him or the incident that formed the basis for those charges and he offers no description of the evidence at issue.

Because procedural default is an affirmative defense, Lopez was not required to show cause and prejudice or actual innocence in his petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In light of the petitioner's apparent failure to exhaust administrative remedies in compliance with agency procedures, a motion to dismiss the petition as procedurally barred is "inevitable" in this case.

Therefore, Lopez will be allowed an opportunity to overcome his default by supplementing his petition to explain in more detail:

> (1) what cause he may have for his failure to properly present his defaulted claims in a timely appeal or to complete the appeals process through the final administrative level; and
>
> (2) what prejudice he suffered as a result of his failure to raise these claims properly; or
>
> (3) whether he is actually innocent of the offense that resulted in the loss of good-time credits at issue.

In providing this information, Lopez is directed to provide more information about:

- the charges lodged against him and, if possible, the rule that he allegedly violated;
- the incident that gave rise to the charges;

- the date that he requested an extension of time to appeal, along with any administrative response;

- the date of his transfer from FCI-Mendota; and

- the date of his arrival at FCI-Oxford.

Lopez should label his document as a "supplement" to his petition for a writ of habeas corpus under § 2241, and he must make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

## ORDER

IT IS ORDERED THAT:

1. Petitioner Jorge Valencia Lopez is directed to show cause, if any, by responding in writing within thirty -one (31) days of the date of this order–that is, **not later than June 10, 2013**– why his petition should not be dismissed as barred by the doctrine of procedural default.

2. If petitioner does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 10th day of May, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge