IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE VALENCIA LOPEZ,

                Petitioner,                        OPINION AND ORDER

      v.                                                  13-cv-169-wmc

ROBERT WERLINGER, Warden,
Federal Correctional Institution – Oxford,

                Respondent.

---

    Petitioner Jorge Valencia Lopez is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin (FCI–Oxford). Lopez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the result of a prison disciplinary proceeding. Pending before the court is respondent's motion to dismiss the petition. (Dkt. #7.) Lopez has filed a reply. After considering all of the pleadings and the applicable law, the court grants the respondent's motion and dismisses the petition for reasons set forth below.

BACKGROUND

    All of the relevant events took place during Lopez's imprisonment at the Federal Correctional Institution in Taft, California ("FCI–Taft"). In an incident report #2271218 dated February 15, 2012, Lopez was charged with engaging in or encouraging a group demonstration (Code 212) and refusing to obey an order of a staff member (Code 307). Specifically, the incident report charges that on January 19, 2012, at approximately "1230 hours," Lopez was observed standing in a group with numerous

1

inmates outside of a housing unit while another group of inmates were observed assembling near the gate. Staff made an announcement over the public address system for the inmates to return to their housing units, but the inmates refused. The situation escalated and several inmates were assaulted. Video surveillance and still photographs of the incident show Lopez standing among the inmates involved in the melee.

On February 21, 2012, a unit disciplinary committee conducted a hearing on the charges against Lopez. That hearing was held in Spanish. The unit disciplinary committee notified Lopez of the charges and referred the matter to a disciplinary hearing officer to determine whether sanctions were appropriate. A staff member, J. Ybarra, also advised Lopez of his right to have a staff representative and to present witnesses at the disciplinary hearing. (Dkt. # 8, Exh. B.)

The disciplinary hearing on March 2, 2012, was conducted in Spanish by Lieutenant Abraham Ponce, who served as the disciplinary hearing officer. Lopez waived his right to have assistance from a staff representative or to have witnesses. When Lopez was asked to make a statement, he replied that he had "no comment." (Dkt. # 8, Exh. C.) After reviewing the photographs and investigative reports regarding the disturbance that occurred on January 19, 2012, Lieutenant Ponce concluded that the violations were committed as charged.

In a report that issued on March 23, 2012, Lieutenant Ponce imposed the following sanctions: loss of commissary and visitation privileges for 30 days; loss of 27 days' credit for good conduct (*i.e.*, good-time credit); and 60 days of disciplinary

segregation. Lopez received a copy of the disciplinary hearing officer's report, advising him of the findings, the evidence relied upon and the sanctions imposed. Lopez was also advised that he had a right to appeal the decision within twenty days.

Claiming that he did not receive his copy of Lieutenant Ponce's written report until April 23, 2012, ten days after his deadline to appeal, Lopez argues that he was prevented from filing a timely appeal. On May 4, 2012, prison officials received a request from Lopez for an extension of time to appeal Lieutenant Ponce's decision. (Dkt. # 9, Exh. A at 1.) On May 17, 2012, the request was rejected because Lopez did not provide an explanation or reason the extension was needed. (*Id.* at 2.) Lopez was granted 15 days in which to re-submit his request along with an explanation. Instead of submitting the information requested, Lopez submitted a new appeal on September 7, 2012. (*Id.* at 3.) This appeal was rejected because Lopez failed to provide a copy of the disciplinary hearing report. (*Id.* at 4.) Although Lopez attempted to cure this defect, his appeal was ultimately rejected as untimely. (*Id.* at 6.)

On March 1, 2013, Lopez executed the pending petition for relief from the disciplinary sanction under 28 U.S.C. § 2241. Liberally construed, Lopez argues that the disciplinary conviction violated his right to due process for the following reasons: (1) he suffered the loss of institutional telephone privileges, which was not included among the sanctions imposed by Lieutenant Ponce; and (2) the finding of guilt was based on a photo of the alleged incident, which was "unreliable evidence" that should not have been considered.

OPINION

The petitioner seeks judicial review under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" In this case, petitioner maintains that he was denied due process during a disciplinary proceeding that affects his sentence.

As a preliminary matter, respondent argues that the petition must be dismissed because Lopez failed to exhaust administrative remedies in compliance with agency procedures. An inmate is required to exhaust administrative remedies before seeking habeas relief in federal court pursuant to 28 U.S.C. § 2241. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). If the prisoner has failed to exhaust and the administrative process is now unavailable, his habeas claim is barred unless he can demonstrate cause and prejudice. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986).

Lopez does not dispute that he failed to file a timely appeal from his disciplinary conviction. He argues, nevertheless, that he was prevented from doing so because: (1) he neither speaks nor reads the English language and lacked assistance from other inmates while he was in disciplinary segregation; and (2) between March and June 2012, he was transferred to a succession of federal facilities between California and Wisconsin and lacked access to his legal property necessary to filing an appeal until well after he arrived at FCI–Oxford in July 2012. While these factors may excuse Lopez's initial failure to file a timely appeal, the record also reflects that he *was* offered an opportunity to pursue a

4

new appeal, but still failed to comply with requests for information in September 2012. A petitioner "cannot simply opt out of the [administrative] review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Because Lopez does not explain his lack of diligence in pursuing an appeal, his allegations are insufficient to establish cause for failing to exhaust available administrative remedies. Accordingly, his petition is subject to dismissal under the doctrine of procedural default.

Even assuming that his failure to exhaust is excused, Lopez cannot prevail because he fails to demonstrate a violation of the Due Process Clause. To state a procedural due process claim, a prisoner must allege facts suggesting that he was deprived of a "liberty or property interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In the absence of a protected liberty or property interest, "the state is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). In the prison context, liberty interests are "generally limited to freedom from restraint, which while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84.

To the extent that Lopez challenges the temporary loss of privileges or even time spent in disciplinary segregation, these allegations do not implicate a liberty interest or

5

state a claim upon which habeas corpus relief may be granted. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). This is because sanctions that result in more restrictive conditions of confinement and limitations imposed on privileges do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 483-84.

Lopez also lost 27 days of previously earned good-time credit as a result of the challenged disciplinary conviction. Federal inmates have a liberty interest in their earned good-time credits. *Jackson v. Carlson*, 707 F.2d 943, 946-47 (7th Cir. 1983). Thus, they are entitled to due process before those credits can be revoked. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Moreover, due process requires that prison officials give a prisoner advance notice of the disciplinary proceedings, an opportunity to confront the charges and present evidence before an impartial decision maker, and a written explanation of the decision that is supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Wolff*, 418 U.S. at 564.

Lopez cannot and does not dispute, however, that he received advance notice of the disciplinary proceeding, an opportunity to confront his accusers and present evidence on his own behalf. Likewise, Lopez acknowledges that he received a written report of the hearing officer's decision. He argues, nevertheless, that the decision is invalid because the photographs relied upon by the disciplinary hearing officer do not actually show him engaging in any wrongdoing. In other words, Lopez argues that the photographs establish, at most, that he was merely present.

As noted by Lieutenant Ponce, the photographs showed that Lopez was present among other inmates who were engaging in disruptive conduct and who refused to obey an order to return to their housing unit. In addition to the photographic evidence, Lieutenant Ponce relied on reports by an investigating officer and statements made by correctional officers who were present during the group disturbance. (Dkt. # 8, Exh. B & C.) The disturbance depicted in the photographs stemmed from of a stand-off between two groups of inmates, lasting approximately three hours. It took an additional three hours for the inmates to return to their housing units. The photographs of the disturbance, which started at 12:30 p.m., show that Lopez continued to congregate with other inmates at approximately 2:12 p.m. and, most importantly, that he did *not* return to his housing unit as directed by staff.

The incident report, along with time-stamped photos of Lopez during the group disturbance, easily meets the low threshold required to support the hearing officer's conclusion: there is "some evidence" that Lopez was more than merely present during the group disturbance *and* that he disobeyed orders to return to his housing unit. *See Hill*, 472 U.S. at 455; *see also Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (describing the "some evidence" standard as a "meager threshold" which, once crossed, ends the inquiry into the disciplinary decision's validity). Because ample evidence supports the disciplinary hearing officer's decision in this instance, the requirements of due process are satisfied. *See Wolff*, 418 U.S. at 564, 566. Absent a showing that Lopez was disciplined without due process, respondent's motion will be granted and the petition

will be dismissed.

ORDER

IT IS ORDERED that the respondent's motion to dismiss (dkt. # 7) is GRANTED and the petition filed by Jorge Valencia Lopez is DISMISSED with prejudice.

Entered this 24th day of April, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge